**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PARKER SCHOOL UNIFORMS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 18-10085 (CSS) |
| _____ | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7  TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |

**Objections due by:  July 26, 2019 at 4:00 p.m.**
**Hearing Date: August 14, 2019 at 10:15 a.m.**

**TRUSTEE'S FIRST OMNIBUS 9019 MOTION FOR AN ORDER APPROVING**
**SETTLEMENTS OF DISPUTED PREFERENTIAL CLAIMS**
**AND FOR APPROVAL OF INTERIM COMPENSATION TO SPECIAL COUNSEL**

Jeoffrey L. Burtch, Chapter 7 trustee for the bankruptcy estate (the "Estate") of Parker School Uniforms, LLC (the "Debtor" of "Parker"), hereby moves this Court for an Order approving the Compromise and Settlement of Disputed Preferential Claims Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and for Approval of Interim Compensation to Special Counsel Cooch and Taylor, P.A. and in support of this Motion respectfully represents that:

**JURISDICTION**

1.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.     On January 12, 2018 (the "Petition Date"), the Debtor commenced this case, Case No. 18-10085 (CSS), (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter

7 of title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"), in the Bankruptcy Court.

3.      On or about January 16, 2018, Jeoffrey L. Burtch was appointed as Chapter 7 Interim Trustee in the Bankruptcy Case. Subsequent, to the 11 U.S.C. § 341 Meeting of Creditors held and completed on March 23, 2018, Mr. Burtch serves as the Trustee under 11 U.S.C. § 702(d) of the Bankruptcy Code.

4.      Prior to the Petition Date, Parker[1] operated a distribution center and warehouse facility in Houston, TX, as well as approximately 47 retail stores in 10 states for the sale of school uniforms.

5.      On or about April 16, 2019, this Court entered an order approving the Application of Chapter 7 Trustee for An Order Authorizing the Employment of Cooch and Taylor, P.A. ("C&T") as Special Counsel for the Trustee *nunc pro tunc* to February 13, 2019 [Docket No. 170] (the "C&T Employment Order").  The Trustee now seeks this Court's approval of payments in full of demand amounts and settlement payments of demand letters made to the Trustee by potential adversary defendants (collectively, the "Recovery Payments") achieved by C&T and the interim compensation of C&T in connection with those Recovery Payments.

**Payments in Full of Demand Amounts and
Settlements of Potential Preference Actions Contemplated by the Trustee**

6.      Previously, C&T on behalf of the Trustee identified and analyzed various causes of actions pursuant to Chapter 5 of Title 11.  On or about April 2019, the Trustee in the above-referenced Chapter 7 Case mailed approximately eighteen (18) demand letters (the "Demand Letters") to several different entities and individuals (the "Potential Defendants").  The Demand

---

[1] Parker also did business under the trade names of dba TrueGrits School Uniforms, dba Buckhead School Uniforms, and dba Charter School Uniforms.

Letters asserted that in the 90 days prior to the Chapter 7 filing, the recipients of these Demand Letters received preferential transfers from the Debtor.  The Demand Letters sought to have these preferential transfers paid by the recipients back to the Trustee, pursuant to 11 U.S.C. §§ 547 and 550.

7.    The Demand Letters at issue herein were sent to LiveOps, Inc., Elder Manufacturing Company, Inc., and Stani Corporation ("Stani").  The Trustee now seeks this Court's approval of the Stani settlement payment resulting from these Demand Letters, and the interim compensation of C&T in connection with those Recovery Payments.

8.    The Trustee and Stani, individually described below, conducted negotiations concerning the amount owed to the Estates.  The negotiations were conducted at arm's length and in good faith.  Stani asserted defenses to the Trustee's claim, which the Trustee has analyzed and believes may have merit.  The details of these settlements are set forth below.

9.    Stani and the Trustee have entered into mutual releases under the Settlement Agreement, subject to Court approval of this settlement.

10.    Any amounts paid by Stani to the Trustee in accordance with the Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of this settlements.  If the Court approves the Stani settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Settlement Agreement into the Estates' general account. If the Court does not approve this settlement, the Trustee shall refund to Stani any sums paid under the Settlement Agreement by Stani to the Trustee, and the parties shall resort to their status prior to having signed the Settlement Agreement.

**LiveOps, Inc.**

11.     On or about April 5, 2019 the Trustee sent a Demand Letter to LiveOps, Inc. and LiveOps Agent Services, LLC ("LiveOps"), alleging that certain payments made by the Debtor to LiveOps constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550.  The Demand Letter therefore sought the return of the alleged preferential transfers, totaling $74,595.33 (the "Demand Amount").

12.     LiveOps returned 100% of the $74,595.33 Demand Amount to the Trustee, (the "LiveOps Recovery").

13.     By this Motion, the Trustee seeks approval to pay C&T as interim compensation the amount of $26,108.36, which is 35% of the LiveOps Recovery.

### Elder Manufacturing Company, Inc.

14.     On or about April 23, 2019, the Trustee sent a Demand Letter to Elder Manufacturing Company, Inc. ("Elder Manufacturing"), alleging that certain payments made by the Debtor to Elder Manufacturing constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550.  The Demand Letter therefore sought the return of the alleged preferential transfers received, totaling $13,788.95 (the "Demand Amount").

15.     Elder Manufacturing returned 100% of the $13,788.95 Demand Amount to the Trustee, (the "Elder Manufacturing Recovery").

16.     By this Motion, the Trustee seeks approval to pay C&T as interim compensation the amount of $4,826.13, which is 35% of the Elder Manufacturing Recovery.

### Stani Corporation

17.     On or about April 5, 2019, the Trustee sent a Demand Letter to Stani Corporation ("Stani"), alleging that certain payments made by the Debtor to Stani constituted preferential

payments pursuant to 11 U.S.C. §§ 547 and 550.  The Demand Letter therefore sought the return of the alleged preferential transfers, totaling $24,093.80 (the "Demand Amount").

18.    The Trustee and Stani desire to compromise and settle all disputes between them on the following terms:

A.    Subject to Court approval of this settlement, Stani has paid the Trustee a settlement amount of $20,000.00 to settle the matter (the "Stani Recovery"), in accordance with the settlement agreement attached as Exhibit 1 to this Motion (the "Stani Settlement Agreement"); and

B.    By this Motion, the Trustee seeks approval to pay C&T as interim compensation the amount of $7,000.00, which is 35% of the Stani Recovery.

## BASIS FOR RELIEF REQUESTED HEREIN

19.    As set forth in Bankruptcy Rule 9019(a): "Compromise:  On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

20.    In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates."  *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).  In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estates of the approval of the settlement.  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).  In striking this balance, the court should consider the following factors:  "(1) the probability of

success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

21.    The Trustee believes that each of the above settlements satisfies the foregoing standards, and that each is in the best interests of all creditors of the Estates. Approval of the settlements will enable the Trustee to liquidate assets of the Estates.

22.    With respect to the relief concerning interim compensation to C&T, this Court has already approved the terms of compensation for C&T in the Employment Order [D.I. 170]. That Employment Order provides that C&T may apply for approval on an interim basis of its thirty-five percent (35%) contingency fee per payment or settlement with a 9019 motion that seeks approval of a settlement of a potential avoidance action. C&T shall receive as its fee and complete compensation an amount equal to thirty-five percent (35%) of the dollar amount of the LiveOps Recovery, Elder Manufacturing Recovery and Stani Recovery received by the Trustee. C&T's Amended and Restated Engagement Agreement between Trustee of Parker and Cooch and Taylor, dated March 25, 2019, further provides that such compensation will be paid by the Trustee to C&T on an interim basis within ten business days after a final and non-appealable order approving the settlement recoveries. Thus, this interim compensation request merely follows the procedures contemplated by the Employment Order.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto, approving the proposed Settlements.

Dated: July 2, 2019                     COOCH AND TAYLOR, P.A.


                                           /s/ Robert W. Pedigo
                                        Robert W. Pedigo (#4047)
                                        The Brandywine Building
                                        1000 West Street, 10th Floor
                                        P.O. Box 1680
                                        Wilmington, DE   19899-1680
                                        Telephone: (302) 984-3832
                                        Fax: (302) 984-3939
                                        E-mail: rpedigo@coochtaylor.com

                                        Special Counsel to Jeoffrey L. Burtch, Chapter 7
                                        Trustee of Parker School Uniforms, LLC