# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PARKER SCHOOL UNIFORMS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 18-10085 (CSS) |
| _____ | ) | |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGOSY INVESTMENT PARTNERS V, L.P., | ) | Adv. No. 19-50769(CSS) |
| and ARGOSY INVESTMENT PARTNERS | ) | |
| PARALLEL V, L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Objections due by: July 2, 2021 at 4:00 p.m.**
**Hearing Date: July 14, 2021 at 12:00 p.m.**

**MOTION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE,
TO APPROVE SETTLEMENT OF THE ADVERSARY PROCEEDING AGAINST
ARGOSY INVESTMENT PARTNERS V, L.P. AND
ARGOSY INVESTMENT PARTNERS PARALLEL V, L.P.,
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND 11 U.S.C. § 105(a),
<u>AND FOR APPROVAL OF COMPENSATION TO SPECIAL CO-COUNSEL</u>**

Jeoffrey L. Burtch, as Chapter 7 Trustee (the "<u>Trustee</u>") on behalf of the Bankruptcy Estate of Parker School Uniforms, LLC (the "<u>Parker Estate</u>") hereby moves this Court for an Order approving the Settlement and Release Agreement between the Trustee and Argosy Investment Partners V, L.P. and Argosy Investment Partners Parallel V, L.P. (collectively, "<u>Argosy</u>" and/or the "<u>Defendants</u>"), in the above-captioned adversary proceeding (the "<u>Delaware Action</u>"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a), and

for Approval of Compensation to Special Co-Counsel Elliott, Thomason & Gibson, LLP, Special Co-Counsel Cunningham Swaim, L.L.P., and Special Counsel Cooch and Taylor, P.A. (the "Motion"), and in support of this Motion respectfully represents that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§158 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 12, 2018 (the "Petition Date"), Parker School Uniforms, LLC (the "Debtor" and/or "Parker") commenced this case, Case No. 18-10085 (CSS), (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.

3. On January 16, 2018, Jeoffrey L. Burtch was appointed as Chapter 7 Interim Trustee in the Bankruptcy Case.

4. On March 23, 2018, subsequent to the 11 U.S.C. § 341 Meeting of Creditors, Mr. Burtch serves as the Trustee under 11 U.S.C. § 702(d) of the Bankruptcy Code.

5. Prior to the Petition Date, Parker[1] operated a distribution center and warehouse facility in Houston, Texas, as well as approximately 47 retail stores in 10 states for the sale of school uniforms.

## THE LITIGATION

6. On or about November 7, 2019, the Trustee named Defendants, as defendants in the following Delaware Action styled *Jeoffrey L. Burtch, Chapter 7 Trustee of Parker School*

---

[1] Parker also did business under the trade names of dba TrueGrits School Uniforms, dba Buckhead School Uniforms, and dba Charter School Uniforms.

*Uniforms, LLC v. Argosy Investment Partners V, L.P., and Argosy Investment Partners Parallel V, L.P.* (Adv. Pro. No. 19-50769)[2].

7. Discovery was on going in the Delaware Action.

8. After the filing of the Delaware Action described above, the Trustee and Defendants conducted negotiations concerning the amount owed to the Parker Estate. The negotiations were conducted at arm's length and in good faith, which included a full day mediation and continuing negotiations with the mediator. The Defendants asserted defenses to the Trustee's claims, which the Trustee has analyzed and believes may have merit. The Trustee and the Defendants have reached a settlement of all claims in the Delaware Action, subject to approval of this Court.

9. A copy of the Settlement and Release Agreement (the "Settlement Agreement") is annexed hereto as Exhibit A.[3]

## SPECIAL CO-COUNSEL

10. On or about May 14, 2018, this Court entered orders approving the Application of the Chapter 7 Trustee for Orders Authorizing the Employment of Cunningham Swaim, L.L.P. ("CS") [Main Case D.I. 147] and Elliott, Thomason & Gibson, LLP ("ETG") [Main Case D.I. 148] as Special Co-Counsel for the Trustee (collectively, the "CS and ETG Employment Orders").

11. Pursuant to the CS and ETG Employment Orders, the requirements of Local Rule 2016-2(d) were waived so CS and ETG were not required to keep time records or file those time records with the Court in connection with any fee application. [*See* D.I. 147 and 148].

---

[2] The Delaware Action is a preferential and constructive fraudulent conveyance action pursuant to 11 U.S.C. §§ 547, 548, 544, and the Delaware, North Carolina and Texas fraudulent conveyance statutes.

[3] In the event of any inconsistency between the description of the settlement herein and Settlement Agreement, the Settlement Agreement shall control. Interested parties should consult the Settlement Agreement for a full description of the terms of the terms and conditions.

12. Pursuant to the CS Motion to Employ [D.I. 130] and Engagement Letter [D.I. 130-2], and the ETG Motion to Employ [D.I. 131] and Engagement Letter [D.I. 131-2], CS and ETG as co-counsel are entitled to forty percent (40.0%) of the Recovery Payment, as defined therein.

13. On or about April 16, 2019, this Court entered an order approving the Application of Chapter 7 Trustee for An Order Authorizing the Employment of Cooch and Taylor, P.A. ("C&T") as Special Counsel for the Trustee *nunc pro tunc* to February 13, 2019 [D.I. 170], and on October 8, 2019, the Court entered an order expanding the scope of C&T's employment to encompass insider avoidance actions, such as the Delaware Action [D.I. 205] (the "C&T Employment Orders").

14. The C&T expanded retention provided that C&T's contingent compensation in non-insider avoidance actions would be without increased cost to the Parker Estate since C&T would be working with CS and ETG, which were already retained to represent the Parker Estate for insider avoidance actions at a 40% contingency fee. [D.I. 193]. The C&T Employment Orders provide that C&T may apply for approval of compensation of up to a 35% contingency fee (depending on the amount of work done by C&T on the specific insider avoidance action), on an interim basis within a 9019 motion that seeks approval of a settlement payment in an avoidance action. Thus, this interim compensation request merely follows the procedures contemplated by the C&T Employment Orders.

15. The Trustee now seeks this Court's approval of the settlement payment of the Delaware Action by the Defendants (the "Recovery Payment", as defined below) achieved by CS, ETG and C&T, and the compensation to CS, ETG and C&T in connection with the Recovery Payment.

## THE SETTLEMENT

16. Within five (5) business days after the Bankruptcy Court enters the 9019 Order approving this Motion, Defendants agree to pay the Trustee, and the Trustee agrees to accept the sum of One Hundred Seventy-Five Thousand and No/100 Dollars ($175,000.00) (the "Settlement Amount" and/or the "Recovery Payment"), in full, final and complete satisfaction of the Delaware Action (the "Settlement").

17. In respect of the mutual promises and other consideration recited in the Settlement Agreement, the Trustee, individually on behalf of himself and on behalf of his agents, representatives, attorneys, and the Parker Estate (the "Trustee Parties") shall release Defendants, from any and all claims, which should or could have been brought in the Delaware Action, as more particularly set forth in the Settlement Agreement. The obligations arising out of the Settlement Agreement are not released.

18. In respect of the mutual promises and other consideration recited in the Settlement Agreement, the Defendant Parties shall release the Trustee Parties from any and all claims, which should or could have been brought in the Delaware Action, as more particularly set forth in the Settlement Agreement. The obligations arising out of the Settlement Agreement are not released.

19. Within ten (10) business days following Defendants' payment of the Settlement Amount, the Trustee and Defendant Parties shall enter into a Stipulation of Dismissal with Prejudice of the Delaware Action.

20. By this Motion, the Trustee also seeks approval to pay CS and ETG compensation in the amount of Fifty-five Thousand and No/100 Dollars ($55,000.00) (the "CS and ETG Contingency Fee"). The CS and ETG Contingency Fee shall be split equally on a 50-50 basis between CS and ETG pursuant to the CS and ETG Employment Orders and because both CS and

ETG provided services to the Parker Estate. CS and ETG are not sharing fees as prohibited by 11 U.S.C. § 504. The Trustee also seeks approval to pay C&T compensation in the amount of Fifteen Thousand and No/100 Dollars ($15,000.00) pursuant to the C&T Employment Orders. The $55,000.00 payment to CS and ETG and the $15,000.00 payment to C&T total $70,000.00, which is forty percent (40.0%) of the Recovery Payment (the "Contingency Fee").

## BASIS FOR RELIEF REQUESTED HEREIN

21. As set forth in Bankruptcy Rule 9019(a): "Compromise: On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

22. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates." *Id.* (*quoting In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estates of the approval of the settlement. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

23.     The Trustee believes that the settlement and compromise contained in the Settlement Agreement satisfies the foregoing standards, that it is in the best interests of all creditors of the Parker Estate and approval of the Settlement will enable the Trustee to liquidate assets of the Estate:

a.      <u>Probability of Success of the Litigation</u> – Although the Trustee believes he would prevail at trial, the issues are disputed. Defendants asserted defenses to the preference and constructive fraudulent conveyance issues.  Defendants further denied that the Trustee was entitled to recover any damages from them.

b.      <u>Likely Difficulties in Collection</u> – There is always the unknown of the difficulty in collecting judgment awards against various entities.

c.      <u>The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it</u> – The Delaware Action involves factual and legal issues regarding the preference and constructive fraudulent conveyance issues. Continued development of the Delaware Action would require expert testimony and would be expensive, and even if the Trustee is successful at the bankruptcy court level, Defendants would undoubtedly appeal an adverse judgment to the District Court and Third Circuit, if necessary. As a result, even a successful outcome would likely not result in an actual monetary recovery for several years.

d.      <u>The paramount interest of the creditors</u> – The paramount interest of the creditors supports approving this settlement. Resolution of the litigation as to Defendants will recover funds for the creditors without the uncertainty and delay that would result from protracted litigation and would also allow the Trustee to focus its time and resources other avenues of recovery.

**NOTICE**

24. Notice of this Motion has been provided to the United States Trustee, counsel for Defendants, and all parties who have requested notice pursuant to Bankruptcy Rule 2002.

25. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of the Settlement Agreement shall be immediately effective and enforceable upon the Court's entry of the Order.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Order substantially in the form <u>attached</u> hereto approving the Motion and the Settlement Agreement.

Date:  June 17, 2021                                COOCH AND TAYLOR, P.A.


/s/ Robert W. Pedigo
Robert W. Pedigo (#4047)
R. Grant Dick IV (#5123)
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE   19899-1680
Telephone: (302) 984-3832
Fax: (302) 984-3939
E-mail: rpedigo@coochtaylor.com
E-mail: gdick@coochtaylor.com

and

Patrick J. Coffin, Esquire
Elliott, Thomason & Gibson, LLP
511 N. Akard, Suite 301
Dallas, Texas 75201
214.377.4848 Tel
214.377.4858 Fax
patrick@etglawfirm.com

and

Steven D. Sanfelippo, Esquire
Cunningham Swaim, L.L.P.
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
ssanfelippo@cunninghamswaim.com
rcunningham@cunninghamswaim.com

*Special Counsel for Jeoffrey L. Burtch Chapter 7 Trustee for Parker School Uniforms, LLC*